# HARNIK LAW FIRM

Chrysler Building East, 666 Third Avenue, 10th Floor  •  New York, New York 10017 - 4046
Phone:  (212) 599-7575  •  Fax:  (212) 867-8120  •  www.harnik.com
Email: office@harnik.com

STEPHEN M. HARNIK

CLAIRE HART

Of Counsel:
STEPHEN P. H. RACHLIS
CHRISTIAN VOTAVA
LORENZ WOLFFERS*
*Direct dial: (646) 875-8011

April 26, 2022

**Via ECF**
Honorable Roanne L. Mann
Magistrate Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Attn: Josh Proujansky and Natasha M. Ertzbischoff

Re:     **Aguilar v. the Republic of Austria et al. 1:22-cv-02292**
        **-REQUEST FOR EXTENSION OF TIME-**

Dear Magistrate Judge,

We are the attorneys for the Republic of Austria and Permanent Mission of Austria to the United Nations ("Defendants") in this personal injury action. Defendants are confident that the court will sustain their removal petition in this matter despite the fact that the Petition was filed two days beyond the normally applicable time period given that that there was evidently a misunderstanding between our client's contractor's insurance carrier and ourselves as to whether the insurance carrier would timely file a notice of appearance and remove the action, or whether that burden would fall upon us.  The contractor is contractually bound to indemnify and hold our clients harmless for personal injury claims.   On the other hand, it is an indisputable fact that the manner of service of process of the summons and complaint upon Defendants, a foreign state, was improper, and, as such, the action is subject to dismissal whether in state or federal court. As such, Defendants submit this Letter Motion for an extension of time to move by Order to Show Cause ("OSC"), (as directed by your Honor yesterday) so as to afford plaintiff time in which to withdraw its action and thus obviate the need to litigate the timeliness of the removal petition.  Defendants have not previously requested an adjournment or extension.  A draft of this letter was sent to plaintiff's counsel earlier today to comply with your Honor's Individual Rule that counsel confer in advance of a Letter Motion. Special Trial Counsel Dan Miklos, Esq. called back to say that he and Mr. Silverberg would not be able to give us a definitive response before close of business. Plaintiff's counsel understood and agreed that we would, therefore, go ahead and file this Letter Motion for an Extension given that your Honor's Individual Rules require extension requests to be filed three (3) business days in advance of the OSC return date, which is currently May 2, 2022.

Honorable Roanne L. Mann
Magistrate Judge, United States District Court
Eastern District of New York
April 26, 2022
Page **2** of **3**

<u>Defendants will Show "Cause" to Sustain Removal Pursuant to 28 U.S.C. § 1441(d)</u>

Defendants are a foreign state as defined by 28 U.S.C § 1603(a) of the Foreign Sovereign Immunities Act (FSIA). *See, Gray v. Permanent Mission of People's Republic of Congo to United Nations*, 443 F. Supp. 816, 820 (S.D.N.Y.), *aff'd*, 580 F.2d 1044 (2d Cir. 1978) ("Indeed, it is hard to imagine a purer embodiment of a foreign state than that state's permanent mission to the United Nations."); *Id* at 820 ("…the House Report states that "such buildings (including diplomatic and consular missions) are those of the foreign state itself.") *citing* H.R.Rep.No.94-1487, 94th Cong., 2d Sess. 15, *reprinted in* (1976) U.S. Code Cong. & Admin. News pp. 6604, 6628.

Under 28 U.S.C. § 1441(d) "[a]ny civil action brought in state court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(d) further reads: "Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [28 U.S.C.A. § 1446(b)] may be enlarged at any time for cause shown." *See, Tennessee Gas Pipeline Co. v. Continental Cas. Co.,* 814 F.Supp. 1302, 1304 (M.D.La.1993) ("The statute does not require "'good cause,'" but only "'cause.'").

In determining "cause" so as to allow removal more than 30 days after service, courts consider (1) legislative intent of 28 U.S.C. § 1441(d) to create uniformity in law concerning foreign states, (2) extent of activity in state court, (3) prejudice to plaintiff, and (4) compliance with FSIA, including service of process. *Refco, Inc. v. Galadari, 755 F.Supp.* 79, 83 (S.D.N.Y.1991). *See, also, Funk v. Belneftekhim*, No. 14 CIV. 0376 BMC, 2015 WL 6160247, at *6 (E.D.N.Y. Oct. 20, 2015), *aff'd in part, vacated in part, remanded*, 861 F.3d 354 (2d Cir. 2017) ("Alvarez sets forth some of the factors to consider such as the purpose of the removal statute, the extent of prior activity in the state system, the prejudice to both parties, the effect on the substantive rights of the parties and any intervening equities.") *See,* also *Talbot v. Saipem A.G.*, 835 F. Supp. 352, 355 (S.D. Tex. 1993) ("Hence, untimely removal is generally allowed when there has been little prior activity in the state court. *See, e.g., supra Refco, Inc. v. Galadari*, 755 F.Supp. at 83–84 (cause shown despite five year delay, where there had been little progress in state court).

As Defendants will show, Defendants have "cause" pursuant to 28 U.S.C. § 1441(d) and removal should be sustained since: (1) the FSIA and 1441(d) designate federal court as the proper jurisdiction to hear claims against a foreign nation; (2) there has been no participation in state court; (3) removal would not prejudice plaintiff; (4) service of process was improper under the FSIA; (5) defendants have cause for the late filing.

<u>Plaintiff's Action is Subject to Dismissal Since Plaintiff Did Not Properly Serve Defendants, a Foreign State</u>

The Republic of Austria has opted out from the service provisions of the Hague Convention. *Reservations. 14-07-2020 (Translation) (original: German)* ("The Convention on the

Honorable Roanne L. Mann
Magistrate Judge, United States District Court
Eastern District of New York
April 26, 2022
Page **3** of **3**

Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 shall not apply to the service of documents addressed to the Republic of Austria, including its political subdivisions, its authorities and persons acting on its behalf; such service shall be effected through diplomatic channels.")

The FSIA provides that, in the absence of a special arrangement with the foreign state or participation in the Hague Convention, service must be made "…by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 USC 1608(a)(3).

Service of process in Austria requires: (1) all documents to be accompanied by a German translation; (2) Hague Service Request, Form USM-94 is properly completed and executed; and (3) all documents are submitted to the Austrian Ministry of Justice. Once proper service is made, Austria will return proof of service.

Here, the summons and complaint were not properly served because plaintiff did not follow any of the very specific requirements for service under the Hague Convention and Austrian law. The pleadings were not served upon the Austrian Ministry of Justice and the complaint was not accompanied by a German translation. *See, Lucchino v. Foreign Countries of Brazil, South Korea, Spain, Mexico, and Argentina*, 631 F. Supp. 821 (E.D. Pa. 1986) ("Service of untranslated English documents on a Mexican Consulate and the Mexican Embassy, rather than the required service on the Mexican Ministry of Foreign Affairs or the U.S. Secretary of State of documents translated into Spanish, constituted sufficient cause to allow the Mexican government more time in which to file a petition for removal.")

In order to give plaintiff and its counsel a safe harbor under Fed. R. Civ. P. 11, we are, accordingly, requesting a 21-day extension on the date to submit the OSC.

Respectfully,

Stephen M. Harnik (SH 9889)

SMH: sc
CC:  Roy L. Silverberg, Esq. attorney for plaintiff (via email)
      Dan Miklos, Esq, Special Trial Counsel for plaintiff (via email)
      Linda Guzzardo, Manager, Liability Claims, Rockville Risk Management Associates (via email)
      Permanent Mission of Austria to the United Nations (via email)